IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL C. ALLEN,<br><br>     Plaintiff,<br><br>v.<br><br>UTAH STATE PRISON et al.,<br><br>     Defendants. | **ORDER & MEMORANDUM DECISION**<br><br>Case No. 2:16-CV-324-DN<br><br>District Judge David Nuffer |

  Plaintiff, inmate Paul C. Allen, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2017), *in forma pauperis*, *see* 28 id. § 1915. The Court now screens his Complaint and orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

### DEFICIENCIES IN COMPLAINT

The Complaint:

(a) is not on the form required by the Court.

(b) by naming "Utah State Prison" as a defendant, Plaintiff effectively improperly names "State of Utah" as a defendant, though there is no showing that it has waived its governmental immunity (see below).

(c) inappropriately alleges civil-rights violations on a respondeat-superior theory.

(d) inappropriately alleges civil-rights violations on the basis of denied grievances.

(e) raises issues of classification change in a way that does not support a cause of action.

(f) appears not to have been prepared with help from the prison's contract attorneys.

## INSTRUCTIONS TO PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is

essential allegation in civil-rights action).  "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'"  *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position.  *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Fifth, as to claims that have been made against the State, generally, the Eleventh Amendment prevents "suits against a state unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity."  *Ray v. McGill*, No. CIV-06-0334-HE, 2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995); *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)).  Plaintiff asserts no basis for determining that the State has waived its immunity or that it has been abrogated by Congress.  Because any claims against the State appear to be precluded by Eleventh Amendment immunity, the Court believes it has no subject-matter jurisdiction to consider them.  *See id.* at *9.

### PRELIMARY INJUNCTIVE RELIEF

The Court evaluates Plaintiff's motion for preliminary injunctive relief. Plaintiff appears to merely be trying to expedite the relief he seeks in his complaint. This type of injunction is disfavored by the law. *See SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991).

Further, Plaintiff has not specified adequate facts showing each of the four elements necessary to obtain a preliminary injunctive order:

> "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest."

*Brown v. Callahan*, 979 F. Supp. 1357, 1361 (D. Kan. 1997) (quoting *Kan. Health Care Ass'n v. Kan. Dep't of Soc. and Rehab. Servs.*, 31 F.3d 1536, 1542 (10th Cir. 1994)).

Preliminary injunctive relief is an extraordinary and drastic remedy to be granted only when the right to relief is "clear and unequivocal." *SCFC ILC, Inc.*, 936 F.2d at 1098. The Court has carefully reviewed Plaintiff's pleadings and motions for injunctive relief and concludes Plaintiff's claims do not rise to such an elevated level that an emergency injunction is warranted. In sum, Plaintiff has not met the heightened pleading standard required in moving for an emergency injunction.

### MOTION TO APPOINT COUNSEL

The Court now addresses Plaintiff's motion for the Court to request *pro bono* counsel to represent him. Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

However, the Court may in its discretion appoint counsel for indigent plaintiffs. *See* 28 U.S.C.S. § 1915(e)(1) (2017); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

## MOTION TO APPOINT NEW JUDGE

Plaintiff moves for this judge to recuse himself. The motion appears to be based on Plaintiff's perception that this case is moving slowly.

Federal judges may have an obligation to recuse themselves when their impartiality could reasonably be questioned, but they also have an obligation not to recuse themselves when circumstances do not require it. *See In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312-13 (2d Cir. 1988); *see also Hutchinson v. Hahn*, No. 09-5144, 2010 U.S. App. LEXIS 24194, at *12 (10th Cir. 2010) (unpublished). The test used to determine whether recusal is required is an

objective one.  28 U.S.C.S. § 455(a) (2017); *see also Drexel*, 861 F.2d at 1313.  "Adverse rulings almost never provide a basis for recusal, nor do opinions formed or expressed by a judge based upon the record, 'unless they display a deep-seated favoritism or antagonism that would make fair judgment almost impossible.'"  *Hutchinson,* 2010 U.S. App. LEXIS 24194, at *12 *(*quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Based on the facts and law presented, this motion is entirely without merit.  Plaintiff has offered no facts reasonably calling into question this judge's ability to impartially hear this case.  To the contrary, from the beginning, this judge has observed Plaintiff's attempt to himself serve defendants and give them a chance to answer.  It appears that it was unclear to Plaintiff until a couple months ago that Defendants would not respond to his service of the Complaint.  This is when he filed a motion for entry of default judgment against defendants.  Now that Plaintiff's attempts at service have apparently failed, the Court has now reviewed his complaint, (*see* 28 U.S.C.S. § 1915A(a) (2017)), and determines that it is deficient, which moots his motions for default.

## ORDER

**IT IS HEREBY ORDERED that:**

(1) Plaintiff must within thirty days cure the Complaint's deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint for Plaintiff to use should he choose to file an amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff's motion for preliminary injunctive relief is **DENIED**. (*See* Docket Entry # 2.)

(5) Plaintiff's motion for appointed counsel is **DENIED**, (*see* Docket Entry # 3); however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

(6) Plaintiff's motions for default judgment are **DENIED** as moot. (See Docket Entry #s 11 & 13.)

(7) Plaintiff's motion for appointment of a new judge is **DENIED**. (*See* Docket Entry # 15.)

DATED this 6th day of February, 2017.

BY THE COURT:

_____
CHIEF JUDGE DAVID NUFFER
United States District Court